**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Case No. 5:20-cv-00107-TBR**

JEFF CARPENTER                                                                              PETITIONER

v.

DeEDRA HART, Warden                                                                  RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Petitioner Jeff Carpenter's ("Carpenter") *pro se* petition for writ of habeas corpus. [DN 1]. The Court referred this matter to Magistrate Judge Lanny King for a Report and Recommendation. [DN 5]. Magistrate Judge King recommended Carpenter's petition be denied. [DN 37]. Carpenter objected. [DN 38]. As such, this matter is ripe for adjudication. For the reasons that follow, the Court **ADOPTS** Magistrate Judge King's Recommendation. [DN 37].

**I. Background**

Carpenter is currently housed at Luther Luckett Correctional Complex. He was sentenced to a total of 57 years imprisonment for a variety of offenses. [DN 9-1 at PageID 49]. Carpenter was first placed on parole from February 13, 1987 to April 20, 1990. [*Id.* at PageID 50]. His parole was revoked due to a burglary conviction. [DN 18-1 at PageID 148]. Carpenter was placed on parole a second time from July 9, 1996 to December 3, 2001. [DN 9-1 at PageID 50]. Parole was revoked due to Carpenter "absconding parole supervision". [DN 18-2 at PageID 149]. Further, while on parole the second time, Carpenter committed first degree sexual abuse and was convicted April 17, 2003. [DN 9-1 at PageID 49]. His 15-year sentence for sexual abuse was aggregated with his other sentences. Carpenter argues his release date was October 29, 2019. [DN 14 at 4].

Respondent calculates Carpenter's release date as June 18, 2031. [DN 18 at 2]. This difference can be attributed to disagreement on the effect of Carpenter's time spent on parole.

## II. Discussion

Carpenter first objects to the Magistrate Judge's denial of a Certificate of Appealability. The Court will address this objection after addressing Carpenter's objections to the merits of the Magistrate Judge's findings.

Carpenter next objects to the Magistrate Judge's finding that Carpenter did not add or subtract the 5 years, 4 months, 24 days—the amount of time spent on parole from 1996-2001—in the calculation of his release date. The Court has reviewed two separate documents where Carpenter provided his calculations and Carpenter did not include this period of time spent on parole. [DN 1 at 3; DN 14 at 4]. Carpenter specifically mentions the time on parole from 1987-1990 but makes no mention of his time from 1996-2001. The Magistrate Judge was correct in finding Carpenter did not include this time.

When Carpenter was released on parole, KRS 439.344 stated: "The period of time spent on parole shall not count as a part of the prisoner's maximum sentence except in determining parolee's eligibility for a final discharge from parole as set out in KRS 439.354." (effective 6-14-62). Carpenter objects to the Magistrate Judge's finding that he is not entitled to credit for his time on parole. However, Carpenter does not cite to any caselaw supporting his position. The court in *Dukes v. Smith* addressed this issue.

In *Dukes,* Petitioner "challenged the refusal of Respondent to credit Dukes' current sentence of imprisonment with…time that Dukes previously spent on parole supervision." 2015 WL 1259087 *1 (W.D. Ky. Mar. 18, 2015). The court found Dukes was not entitled to credit for his time on parole under any version of KRS 439.344. "[T]he original version of the statute in

effect from 1962 until June 23, 2009, prohibited *all* Kentucky prisoners from receiving any credit toward service of their sentence for time spent on parole." *Id.* at 7. The second and third version exclude certain parole violators from receiving credit. "The result is that under no version of KRS 439.344 would Dukes have been eligible for the three years and four months of 'street credit' he now seeks to have applied to his current sentence." *Id.*

Here, the language of the statute that was effective while Carpenter was released on parole is clear. Time spent on parole did not count towards a prisoner's sentence except when determining eligibility for final discharge from parole. Therefore, Carpenter was not eligible to earn credit for this time. Further, Carpenter would not be eligible for credit under the current statute. The current statute allows time spent on parole to count as part of a prisoner's sentence except when "returned to prison as a parole violator for a new felony conviction" or "returned to prison as a parole violator for absconding from parole supervision". KRS 439.344. Carpenter's parole was revoked in 1990 due to a felony burglary conviction. Parole was revoked in 2001 due to absconding supervision. The current version of the statute also does not allow Carpenter to count the time on parole towards his sentence. Therefore, the Magistrate Judge was correct in finding Carpenter is not entitled to count his time on parole towards his sentence.

Carpenter next argues the Magistrate Judge incorrectly found the aggregation of his 15-year sentence for sexual abuse with his other sentences was not in error. Carpenter specifically argues KRS 197.045 should not be applied to his total sentence but only his 15-year sentence for sexual abuse—which he argues was served out on April 18, 2018.

KRS 197.045 provides various reasons why prisoners may receive credit towards their sentence. Section 4 states:

> Until successful completion of the sex offender treatment program, an eligible sexual offender may ear sentencing credit. However, the sentencing credit shall not

> be credited to the eligible sexual offender's sentence. Upon the successful completion of the sex offender treatment program, as determined by the program director, the offender shall be eligible for all sentencing credit earned but not otherwise forfeited under administrative regulations promulgated by the Department of Corrections…Any eligible sexual offender, as defined in KRS 197.410, who has not successfully completed the sex offender treatment program as determined by the program director shall not be entitled to the benefit of any credit on his or her sentence. A sexual offender who does not complete the sex offender treatment program for any reasons shall serve his or her entire sentence without benefit of sentencing credit, parole, or other form of early release.

KRS 197.045(4). The court in *Carpenter v. Department of Corrections* addressed this exact issue.

> Thus, the statute expressly provides that an eligible sexual offender who does not successfully complete the SOTP [("Sexual Offender Treatment Program")] is not entitled to any credit on his sentence. Because Carpenter has not completed the SOTP, he is not eligible to be awarded meritorious good time credit. His contention that he should receive credit on the part of his sentence that is unrelated to the sexual abuse conviction fails in light of KRS § 197.045(3), which provides that "[w]hen two (2) or more consecutive sentences are to be served, the several sentences shall be merged and served in the aggregate for the purposes of the sentencing credit computation or in computing dates of expiration of sentence."

2012 WL 2021718, *2 (E.D. Ky. June 5, 2012). Carpenter cannot receive credit towards any part of his sentence because he has not completed the SOTP. Therefore, the Magistrate Judge did not err.

Finally, Carpenter objects to the Magistrate Judge's finding that there was no constitutional violation. As the *Carpenter* court held:

> In any event, Carpenter has no constitutional right to meritorious good time credit. Kentucky's good time statute permits, but does not require, the KDOC to award such credit. *See* KRS § 197.045(1)(b)(1). Therefore, the award of meritorious good time credit is a privilege, not a right. *See Anderson v. Parker*, 964 S.W.2d 809, 810 (Ky.Ct.App.1997). By choosing not to complete the SOTP, Carpenter lost the opportunity to be awarded meritorious good time credit on his sentence. Kentucky courts have made clear that "[t]he loss of the mere opportunity to earn good-time credit does not constitute a cognizable liberty interest." *Marksberry v. Chandler*, 126 S.W.3d 747, 753 (Ky.Ct.App.2003); *see also Seymour v. Colebank*, 179 S.W.3d 886, 891 (Ky.Ct.App.2005). Carpenter thus is not entitled to habeas relief.

4

*Id.* The same is true here. Carpenter objects to how the Department of Corrections elects to award sentencing credit pursuant to state statutes. There is no constitutional right to be awarded credit towards a sentence. Therefore, the Magistrate Judge did not err in finding no constitutional violation occurred.

The Court agrees with the Magistrate Judge that a certificate of appealability should be denied. "To obtain a certificate of appealability, a habeas claimant must show that reasonable jurists would find the district court's resolution of his claim 'debatable or wrong.'" *Hill v. Dailey,* 557 F.3d 437, 438 (6th Cir. 2009) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The Court finds that no reasonable jurists would disagree with the Court's determinations that Carpenter is not entitled to count his time on parole towards his sentence and aggregation of his sentence is appropriate.

### III. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that the Court **ADOPTS** the Findings of Fact and Conclusions of Law as set for by the Magistrate Judge. [DN 37]. **IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus [DN 1] is **DENIED**. A Certificate of Appealability is **DENIED** as to each claim asserted in the petition.

**IT IS SO ORDERED**.

                                                   **Thomas B. Russell, Senior Judge**
                                                   **United States District Court**

June 18, 2021

cc: Jeff Carpenter
    095017
    Luther Luckett Correctional Complex
    Dawkins Road, Box 6
    LaGrange, KY 40031
    PRO SE